# In the United States Court of Federal Claims

No. 20-1837C
(Filed: December 21, 2020)
NOT FOR PUBLICATION

|  |  |
|---|---|
| **TERRIE HOLSCHER,** | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| **v.** | ) ) ) |
| **MATTHEW J. DEURMEIER, et al.,** | ) ) ) |
| *Defendants.* | ) |

**ORDER**

**HERTLING, Judge**

      The plaintiff, Terrie Holscher, a resident of Bozeman, Montana, filed this action *pro se* on December 11, 2020. Her complaint names as defendants Matthew J. Deurmeier, Jonathan M. Tjernagel, Robert Wayne Harris, Kenneth Allen Hess, Sean R. Maguire, Christopher Wray, William P. Barr, and the United States of America. Messrs. Deurmeier and Tjernagel are alleged to be agents of the Federal Bureau of Investigation ("FBI"); they are sued in their individual and official capacities. Messrs. Harris and Hess are alleged to be FBI informants. Mr. Wray, the Director of the FBI, and Mr. Barr, the Attorney General, are sued in their official capacities.

      The plaintiff claims that the defendant FBI agents both violated her fourth amendment right against unreasonable searches and seizures and conspired with Messrs. Harris and Hess to violate the plaintiff's fourth amendment right. The plaintiff predicates her claim, at least against the individual federal defendants, on *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The plaintiff seeks damages of $2.5 million for violation of her fourth amendment rights and damages of $5 million for intentional infliction of emotional distress. She also asks the Court to refer the two FBI agents for criminal prosecution.

      The complaint appears to follow on litigation that the plaintiff pursued in the United States District Court for the District of Montana against Mr. Hess, from whom the plaintiff appears to have rented a storage locker she used in conjunction with her business activities. *See Holscher v. Hess*, No. CV 19-50-BU-BMM-KLD, 2019 WL 7494667 (D. Mont. Nov. 26, 2019) (report and recommendation of Magistrate Judge), *adopted* 2020 WL 85198 (D. Mont. Jan. 7, 2020), *appeal pending*, No. 20-35049 (9th Cir.); *see also* 2019 WL 7586539 (D. Mont. Oct. 29, 2019) (denying motion for preliminary injunction).

The Court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

As noted in *Mitchell,* the United States is the only defendant against whom this Court may exercise jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

To invoke this Court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning that the source of alleged liability "'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

The plaintiff is proceeding *pro se*, so her pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that she has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See, e.g.*, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint, which the Court interprets liberally.  *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *see also Haines*, 404 U.S. at 520.

Under *Sherwood*, this Court may not exercise jurisdiction over any of the individual defendants, whether named in their official or individual capacities.  No action against the individual defendants may be maintained in this Court, no matter the basis for the alleged cause of action.  Additionally, because such cases are brought against individual federal officers and not the United States, it has long been established that this Court has no jurisdiction to hear cases raising claims under *Bivens*.  *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997).

Similarly, the Federal Circuit held in *Brown*, *id.* at 623, that the fourth amendment is not money-mandating.  Therefore, this Court also lacks jurisdiction to entertain claims against the United States for alleged violations of the fourth amendment.

The plaintiff's claim for intentional infliction of emotional distress sounds in tort and is thereby beyond this Court's Tucker Act jurisdiction.  *See* 28 U.S.C. § 1491(a)(1).

Inasmuch as the Court may not hear the plaintiff's claims against the United States for want of jurisdiction, that claim must be dismissed.

The plaintiff's claims against the individual defendants, while beyond the jurisdiction of this Court, are within the jurisdiction of a district court to entertain.  The Court finds that the interests of justice warrant the transfer of the plaintiff's claims against the individual defendants sued in their individual capacities, *viz.*, Messrs. Deurmeier, Tjernagel, Harris, and Hess, and the defendants sued only in their official capacity, *viz.,* Director Wray and General Barr, to the United States District Court for the District of Montana for further proceedings pursuant to 28 U.S.C. § 1631.

Accordingly, the complaint against the United States is **DISMISSED** pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").  The claims against defendants Deurmeier, Tjernagel, Harris, Hess, Maguire, Wray, and Barr are **TRANSFERRED** to the United States District Court for the District of Montana pursuant to 28 U.S.C. § 1631.  The Clerk is **DIRECTED** to enter judgment, pursuant to RCFC 58, accordingly.  No costs are awarded.

It is so **ORDERED.**

s/ Richard A. Hertling  
**Richard A. Hertling**  
**Judge**